UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE BURTON,

       Plaintiff,                      CIVIL ACTION NO. 10-14040

       v.                             DISTRICT JUDGE GEORGE CARAM STEEH

COMMISSIONER OF                    MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION TO DISMISS (DKT. NO. 14)**

This matter is before the undersigned Magistrate Judge pursuant to an order of reference issued October 8, 2010 (Dkt. No. 4). On January 18, 2011, Defendant Commissioner of Social Security ("Defendant") filed a motion to dismiss (Dkt. No. 14) contending that Plaintiff Ronnie Burton's ("Plaintiff") Complaint seeking judicial review of the Commissioner's decision was untimely. Plaintiff, who is proceeding *pro se*, filed a response opposing the motion (Dkt. No. 17). The motion to dismiss is therefore ready for Report and Recommendation.

Judicial appeals of Social Security decisions are authorized and governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party, . . .
> may obtain a review of such decision by a civil action commenced
> within sixty days after the mailing to him of notice of such decision
> or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Consistent with this statutory authority, the Commissioner's regulations

provide that such a civil action:

> [M]ust be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision . . . is received by the individual . . . . For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision . . . shall presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). The statute of limitations as set forth in section 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Watson v. Comm'r of Soc. Sec.*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal").

Here, the Appeals Council denied Plaintiff's request for review on July 19, 2010 (Dkt. No. 14 at 6). Plaintiff's Complaint should have been filed within 65 days, *i.e.*, on or before September 22, 2010. Plaintiff did not file his Complaint until October 8, 2010 (Dkt. No. 1) – over two weeks late. In response to Defendant's motion to dismiss, Plaintiff admits that the Appeals Council's denial letter is dated July 19, 2010, but avers that he did not actually receive the Appeals Council's denial until July 27, 2010 (Dkt. No. 17 at 3). However, even assuming

that the 60-day period (with 5 extra days for mailing) began to run on the day Plaintiff claims to have received the denial letter, Plaintiff's Complaint would have been due on September 30, 2010, yet his Complaint was still filed over a week after the more generous deadline.  Plaintiff further argues that holidays and weekends do not count towards the 60-day time limit.  Plaintiff is incorrect – holidays and weekends do count.  *See* Fed. R. Civ. P. 6(a)(1).[1]  In sum, the undersigned finds that Plaintiff's Complaint (Dkt. No. 1), filed on October 8, 2010, is untimely by over two weeks and should be dismissed.

Although not specifically argued by Plaintiff, I note that equitable tolling may be applied to extend the limitation period under appropriate circumstances.  Courts consider the following factors in determining whether equitable tolling of a statute of limitations should apply:

> (1) the [plaintiff's] lack of [actual] notice of the filing requirement;
> (2) the [plaintiff's] lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the [defendant]; and (5) the [plaintiff's] reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook*, 480 F.3d at 437 (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

In this case, Plaintiff's response evidences that he cannot claim lack of notice or knowledge of the filing requirement.  The Appeals Council notice clearly sets forth the requirements, including the deadline, and further informs parties of the ability to ask for an extension of the deadline.  Therefore, the first and second factors weigh against Plaintiff.  The

---

[1] Rule 6(a) was amended effective December 1, 2009.  Under former Rule 6(a), a period of 11 days or more was computed differently than a period of less than 11 days.  Intermediate Saturdays, Sundays, and legal holidays were *included* in computing the longer periods, but *excluded* in computing the shorter periods.  Thus, even under the old Rule 6(a), weekends and holidays would have been counted against Plaintiff's 60-day time limit.  Furthermore, under new Rule 6(a) – which is applicable to this case – all deadlines stated in days (no matter the length) are computed in the same way; the day of the event that triggers the deadline is not counted, but all intermediate Saturdays, Sundays and legal holidays *are* counted.  *See* Fed. R. Civ. P. 6(a)(1).

record does not indicate that Plaintiff sought any extensions. Instead, it appears that Plaintiff simply miscalculated the deadline or otherwise failed to assure that his pleading was filed on time, neither of which provide a ground justifying the application of equitable tolling. Although Defendant may not suffer much prejudice, the strength of the other factors lead me to recommend that, if it had been properly raised, equitable tolling should not apply in these circumstances.

## CONCLUSION

Accordingly, **IT IS RECOMMENDED** that the Commissioner's motion to dismiss be **GRANTED** and that the case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                      s/Mark A. Randon
                                                      MARK A. RANDON
                                                      UNITED STATES MAGISTRATE JUDGE

Dated:  February 24, 2011

### *Certificate of Service*

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 24, 2011, by electronic and/or ordinary mail.*

                                                      *s/Melody Miles*
                                                      *Case Manager*

**Copy mailed to:**
*Ronnie Burton*
*13026 E. Houston Whittier, Apt. B - #7*
*Detroit, MI 48205*